[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11125

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 28, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:09-cr-60187-WJZ-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KEVIN LINCKS,

Defendant - Appellant.

_____

No. 10-11200

_____

D.C. Docket No. 0:09-cr-60187-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DONALD LINCKS,

                                        Defendant - Appellant.


_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(November 28, 2011)

Before EDMONDSON, BARKETT and SUHRHEINRICH,[*] Circuit Judges.

PER CURIAM:

Donald Lincks and his son, Kevin Lincks (together, "Defendants"), appeal their convictions and sentences following a jury trial for assaulting a postal worker engaged in his official duties, in violation of 18 U.S.C. § 111(a)(1).[1]

The evidence at trial indicated that Donald and Kevin stopped a mailman to obtain an unemployment check sent to Kevin at a friend's house, and that when the mailman refused to give them the mail, Defendants struck him and forcibly took the mail. The court sentenced Donald and Kevin under the § 111(a) felony assault provision, carrying a maximum of eight years' imprisonment, to ninety-three and eighty-four months, respectively.

---

[*] Honorable Richard F. Suhrheinrich, United States Circuit Judge for the Sixth Circuit Court of Appeals, sitting by designation.

[1] After a mistrial resulting from a deadlocked jury and a two-week delay for scheduling, defendants were convicted in a second trial.

Having reviewed the record and considered the oral argument of counsel, we affirm the convictions in this case, finding no reversible error pertaining thereto. As to Kevin's argument, the record shows no violation of Batson v. Kentucky, 476 U.S. 79, 86, 106 S. Ct. 1712, 1717 (1986), and Kevin raises no other issue pertaining to his conviction.

Donald contends that, because the district court had provided standby counsel for his initial trial, it abused its discretion in denying his motion to appoint standby counsel for his retrial and also in denying his motion to continue his retrial. On this record, we find no abuse of discretion in the decisions of the district court denying standby counsel and a continuance under the circumstances presented.

We do find reversible error, however, as to the sentences imposed on both Donald and Kevin and we remand for resentencing. The Defendants claim that the court erred in sentencing them for felony assault because the indictment and jury instructions, when taken together, were sufficient only to convict them of misdemeanor assault. Accordingly, their sentences for felony assault—as opposed to "simple" assault—violated the requirement of Apprendi v. New Jersey that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63 (2000).

The indictment here alleged in pertinent part that Defendants "knowingly, forcibly assaulted, resisted, impeded, intimidated, and interfered with an officer of the United States . . . , and did thereby inflict bodily injury upon him," thus violating 18 U.S.C. §§ 2 and 111(a)(1).[2]  A defendant commits felony assault if, and only if, his "acts involve physical contact with the victim of that assault or the intent to commit another felony."  18 U.S.C. § 111(a).  Only the former circumstance — physical contact — is at issue here.

The indictment did not explicitly allege physical contact, and the jury instructions did not require such a finding to convict Defendants.  Thus, the jury

---

[2] The statute, 18 U.S.C. § 111, reads in full:

(a) In general.--Whoever--
> (1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties; or
> (2) forcibly assaults or intimidates any person who formerly served as a person designated in section 1114 on account of the performance of official duties during such person's term of service,

shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

(b) Enhanced penalty.--Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both.

4

was not required to find physical contact, or even the infliction of bodily injury, beyond a reasonable doubt. As a result, the verdict supports only a conviction for simple assault, with a statutory maximum of one year's imprisonment. Thus, any sentence over one year exceeds the maximum penalty authorized by the jury's verdict and must be vacated.[3]

Accordingly, we **AFFIRM** Defendants' convictions for simple assault in violation of 18 U.S.C. § 111(a)(1), but **VACATE** their sentences under the felony assault provision of § 111(a)(1), and **REMAND** for resentencing consistent with Apprendi.

**AFFIRMED** in part, **VACATED** in part, and **REMANDED**.

---

[3] We find no merit to the claim that the trial court erred in imposing a six-level official victim enhancement because the assault was motivated by the victim's status as a postal worker.